USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 97-1185 JOANN CARON, Plaintiff, Appellant, v. SHIRLEY S. CHATER, COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Frank H. Freedman, Senior U.S. District Judge] __________________________ ____________________ Before Selya, Boudin and Stahl, Circuit Judges. ______________ ____________________ Francis Lafayette on brief for appellant. _________________ Donald K. Stern, United States Attorney, Karen L. Goodwin, _________________ __________________ Assistant United States Attorney, and Sara Gardiner Kilkenny, _________________________ Assistant Regional Counsel, Social Security Administration, on brief for appellee. ____________________ September 3, 1997 ____________________ Per Curiam. We have examined the parties' briefs __________ and the record on appeal. Although we have considerable doubt whether the district court had jurisdiction, the Commissioner's decision is adequately supported, so we see no need to reach the jurisdictional issue in this case. We affirm the order of the district court, dated November 27, 1996, essentially for the reasons given in the district court Memorandum of the same date. We would add only the following. Claimant argues the Administrative Law Judge ("ALJ") improperly used "the Grid" (20 C.F.R. Part 404, Subpart P, App. 2) in evaluating claimant's nonexertional limitations. This court has noted use of "the Grid" alone may be improper in some cases involving nonexertional limitations. Ortiz v. Secretary of Health & Human Servs., ______________________________________________ 890 F.2d 520, 524-24 (1st Cir. 1989). But here the ALJ followed the rule from Ortiz by using the testimony of a _____ vocational expert in addition to using "the Grid." Id. Thus, ___ the ALJ's use of "the Grid" was not improper. Claimant also argues the ALJ failed to evaluate her subjective complaints of pain. While a more detailed analysis of those complaints would have been preferable, see ___ Frustaglia v. Secretary of Health & Human Servs., 829 F.2d __________________________________________________ 192, 195 (1st Cir. 1987), we have examined the record and we -2- conclude the ALJ had ample support for his conclusion that the claimant's subjective complaints were not credible. AFFIRMED. _________ -3-